IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-42313 |
| | ) | |
| MARTIN CRAIG JOCHEM and | ) | |
| DORIS K. JOCHEM, | ) | CH. 12 |
| | ) | |
| Debtor(s). | ) | Filing No. 14, 23, 15, 21 |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on August 9, 2005, regarding Filing No. 14, Motion for Relief from Stay, filed by Purdum State Bank, Filing No. 23, Resistance, filed by debtors, Filing No. 15, Motion for Turnover of Property, filed by debtors, and Filing No. 21, Objection filed by Purdum State Bank. David Rasmussen appeared for the debtors, and Bradley Holbrook appeared for Purdum State Bank.

Purdum State Bank has a judgment against the debtors. In the spring of 2005, the bank executed upon the judgment and the county sheriff took possession of certain cattle, horses, and other personal property owned by the debtors. The property is still in the legal possession of the sheriff because the execution sale of the property had not been held at the time the debtors filed the Chapter 12 bankruptcy case.

Upon filing the Chapter 12 bankruptcy case, the debtors made immediate demand upon the bank to release its execution and cause the property to be returned to the debtors. The bank failed to do so and the debtors filed a motion for turnover. On the same day as the motion for turnover was filed, the bank filed a motion for relief from stay. Each party resisted the other party's motion.

The caselaw in the Eighth Circuit clearly requires a creditor who has possession of property of the bankruptcy estate to either turn over the property of the bankruptcy estate to the debtor or file a motion requesting an excusal of that requirement unless and until the debtor can provide adequate protection of the creditor's interest. <u>Knaus v. Concordia Lumber Co. (In re Knaus)</u>, 889 F.2d 773, 775 (8th Cir. 1989).

In this case, the property was taken from the debtors in the middle of May. On June 7, 2005, the case was filed and a letter was sent from counsel for the debtor to counsel for the bank requesting turnover. Apparently, counsel for the bank responded to counsel for the debtor by fax sometime in the middle of June. Thereafter, counsel for the debtor once again wrote to counsel for the bank and requested turnover and threatened that a motion for turnover would be filed. On July 12, 2005, a motion for turnover was filed, as was a motion for relief from the automatic stay.

It is the position of the bank that it should not be required to turn over the personal property because when the bank took possession of the animals and other personal property, the animals were malnourished and had not been properly medicated, and the bank has paid more than $10,000 between the date of possession and the date of the petition to care for the animals.

Both parties provided affidavit evidence from bankers, veterinarians and others concerning the condition of the animals and the ability of the debtors to care for the animals properly.

The execution on the judgment took place long after the judgment was actually entered. Between the time the judgment was entered and the time of execution, the debtors had made regular payments to the bank but had not satisfied the complete judgment. In addition, within the two months prior to the property being taken from the debtors, the debtors purchased appropriate medications, minerals, hay and other feed, and had no reason to permit the animals to become malnourished.

The horses taken pursuant to the execution are apparently animals that can be sold as "registered," if properly segregated and cared for. Selling the animals as "registered" will, according to the debtor, bring more money than selling the animals otherwise.

Based upon the evidence before the court at this time, and not considering the feasibility of a plan, I hereby grant the motion for turnover and deny the motion for relief from the automatic stay. The debtors apparently have the ability to care properly for the animals. The debtors have feed on hand or available to them. The debtors have the availability of pastureland. There is no evidence that the value of the animals and other personal property is declining or will decline in the near future. There is, therefore, no need for adequate protection to be paid at this time, although the debtors have agreed to make an early payment in the fall of 2005.

The bank is ordered to release the execution and arrange, in cooperation with the debtor, to return the property to the debtors.

SO ORDERED.

DATED this 12th day of August, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  *Bradley Holbrook
  *David Rasmussen
  Richard Lydick
  U.S. Trustee

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.